UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DANIEL ORTIZ LEANDRO (A-245-684-787),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-1478 DC CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Luis Daniel Ortiz Leandro (A-245-684-787), a native and citizen of Venezuela proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner alleges that his ongoing prolonged detention without a bond hearing violates his due process rights under the Fifth Amendment.  (ECF No. 1 at 16.)  For the following reasons, this Court recommends that the petition be dismissed without prejudice.

## I.    FACTUAL BACKGROUND

Petitioner is a native/citizen of Venezuela.  (ECF No. 1 at 5.)  Petitioner entered the United States on January 1, 2024.  (Id.)  Petitioner was detained, applied for asylum, and was released after a few days.  (Id.)  Petitioner was issued a Notice to Appear in Immigration and

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2]  (ECF No. 8-1 at 1.)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)

Petitioner reported every month to his parole agent.  (ECF No. 1 at 5.)  In May 2025, petitioner committed aggravated battery in Tampa, Florida, and served 190 days in county jail.  (Id. at 6.)  Upon petitioner's release from jail, he was taken to an U.S. Immigration and Customs Enforcement ("ICE") facility where he was detained on December 11, 2025, and served with an arrest warrant pursuant to sections 236 and 287 of the INA.  (ECF No. 8-3 at 1.)

On April 1, 2026, petitioner's applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture were withdrawn with prejudice, and an immigration judge ordered petitioner to be removed to Venezuela.  (ECF No. 9 at 3-6.)  Petitioner waived appeal.  (Id. at 6.)

## II.    PROCEDURAL HISTORY

On February 20, 2026, petitioner filed his petition for writ of habeas corpus, and a motion for appointment of counsel.  (ECF Nos. 1, 3.)  On March 5, 2026, this Court ordered respondent to file a response to the petition within seven days, and petitioner to file an opposition or reply within ten days thereafter.  (ECF No. 6.)  On March 12, 2026, respondent filed a response and answer to the petition.  (ECF No. 8.)  Petitioner did not file a traverse/reply.  (See Docket.)  On April 1, 2026, respondent filed a supplement to the answer.  (ECF No. 9.)

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[2]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Initially, respondent argued that petitioner's detention is mandatory under section 1226(c). Petitioner does not dispute that at the time he filed his petition, his detention was subject to section 1226(c), and admits he sustained a conviction for aggravated battery. Section 1226 carves out a statutory category of non-citizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c). In January 2025, the Laken Riley Act was enacted, adding 8 U.S.C. § 1226(c)(1)(E), which mandates detention for additional categories of criminal aliens. Respondent contends petitioner was arrested for aggravated battery causing great bodily injury, subjecting petitioner to mandatory detention under section 1226(c)(1)(E), while his removal proceedings are pending. (ECF No. 8 at 3.) Petitioner does not dispute this.

However, section 1226 applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Since the habeas petition was filed, petitioner was ordered removed to Venezuela on April 1, 2026, and petitioner waived his appeal. Petitioner's removal order is now final. 8 C.F.R. § 1241.1(b). Thus, section 1226(c) is no longer applicable to petitioner's detention. Instead, as argued by respondent in the supplemental filing, section 1231 applies to noncitizens ordered removed. 8 U.S.C. § 1231(a). Noncitizens who have been ordered removed "shall" be detained by the Attorney General. 8 U.S.C. § 1231(a)(2)(A).

In the supplement to the answer, respondent argues that "any claims petitioner has to unlawful detention under § 1226 are now moot." (ECF No. 9 at 1 (citing Baires v. Lynch, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016)).) To the extent petitioner relies on § 1226 to

argue he should be provided a bond hearing, respondent is correct.  "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." Baires, 2016 WL 4502558, at *2.

Here, however, petitioner claims his "ongoing prolonged detention" violates due process. (ECF No. 1 at 16.)  As explained above, because the immigration judge ordered petitioner removed and the removal order is final, petitioner's detention is now governed by section 1231. See Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008) (because detainee's removal period had begun, detention authority is under §§ 1231(a)(2) and (a)(6)).  Petitioner contends that detention that exceeds six months without a bond hearing is unconstitutional, relying primarily on Zadvydas, 533 U.S. at 690, 701.  (ECF No. 1 at 7-8.)  Petitioner has been detained since December 11, 2025, which is not over six months, and Zadvydas does not apply to petitioner's case.  In Zadvydas, the court was considering whether the post-removal period statute authorized the Attorney General to detain removable citizens indefinitely pursuant to § 1231(a)(6). Zadvydas, 533 U.S. at 682-83.  The Supreme Court explained that "[a]fter entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody."  Id. Petitioner is now subject to mandatory detention for 90-days pursuant to § 1231(a)(2)(A).

Petitioner was ordered removed on April 1, 2026.  Because he did not appeal, his 90-day removal period began on April 1, 2026, and continues until June 30, 2026.  Petitioner's detention during this 90-day removal period is mandatory under the INA.  See 8 U.S.C. § 1231(a)(1)(a), (a)(2)(a); Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory," citing § 1231(a)(2)).  The Ninth Circuit has determined this statutorily mandated 90-day period of detention "passes constitutional scrutiny."  Khotesouvan v. Morones, 386 F.3d 1298, 1299 (9th Cir. 2004); see also, e.g., Atkinson v. Dep't of Homeland Sec., 2025 WL 1737017, at *4 (W.D. Wash. June 6, 2025), report and recommendation adopted, 2025 WL 1736596 (W.D. Wash. June 23, 2025) ("Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period.").  In Khotesouvan, the Ninth Circuit stated that the "Zadvydas Court emphasized that the due process analysis attaches in the post-removal period," and found that the district court properly dismissed the habeas petitions because they

4

were filed during the 90-day removal period.  Khotesouvan, 386 F.3d at 1301.

In addition, petitioner was detained on December 11, 2025, and his detention has not yet exceeded six months.  See Zadvydas, 533 U.S. at 701 (holding it is presumptively reasonable to detain a noncitizen for six months to effectuate an order of removal).

Because petitioner is currently subject to the 90-day mandatory detention period under § 1231(a)(2)(A), his petition should be denied without prejudice.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel with his habeas petition.  (ECF No. 3.)  On March 5, 2026, this Court deferred consideration of the motion.  (ECF No. 6.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In light of these findings and recommendations, petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus (ECF No. 1) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

///

///

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/lean1478.157